J-S02021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEMHYA MICKEL | |
| Appellant | No. 59 EDA 2014 |

Appeal from the PCRA Order December 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0600811-1999

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 04, 2015**

Appellant, Kemhya Mickel, appeals from the order entered on December 17, 2013, dismissing as untimely his third petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We summarize the facts and procedural history of this case as follows. Appellant and his co-defendant Jamal Hanes[1] were tried for the shooting death of a doorman at an after-hours nightclub in Philadelphia.  On April 28, 2000, a jury convicted Appellant of third-degree murder, possessing an instrument of crime, and carrying a firearm on a public street in

---

[1] Throughout the record, the parties and PCRA court refer to Jamal Hanes by different names, *inter alia*, "Jamar Hanes," "Jermar Hines," and "Jamal Hines."  For consistency and ease of discussion, we refer to Appellant's co-defendant as Jamal Hanes, in keeping with our prior disposition on direct appeal.  ***See Commonwealth v. Mickel***, 785 A.2d 1031 (Pa. Super. 2001).

Philadelphia.[2] On July 26, 2000, the trial court sentenced Appellant to an aggregate term of imprisonment of 20 to 40 years. On August 13, 2001, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Mickel*, 785 A.2d 1031 (Pa. Super. 2001). Our Supreme Court denied further review. *See Commonwealth v. Mickel*, 798 A.2d 1288 (Pa. 2002).

Appellant filed a *pro se* PCRA petition on October 4, 2002. Counsel was appointed but was permitted to withdraw after counsel filed a letter pursuant to *Turner*/*Finley*.[3] On October 24, 2002, the PCRA court dismissed Appellant's PCRA petition. This Court affirmed the denial on appeal. *See Commonwealth v. Mickel*, 860 A.2d 1132 (Pa. Super. 2004). The Pennsylvania Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Mickel*, 882 A.2d 477 (Pa. 2005).

Appellant filed a second *pro se* PCRA petition on July 18, 2008. The PCRA court dismissed that petition on September 23, 2010. This Court affirmed the denial of PCRA relief on April 21, 2011. *See Commonwealth v. Mickel*, 29 A.3d 842 (Pa. Super. 2011). Appellant filed a petition for allowance of appeal with our Supreme Court on May 16, 2011. While the petition was pending, on June 20, 2011, Appellant filed a motion for stay of

---

[2] 18 Pa.C.S.A. §§ 2502(c), 907, and 6108, respectively.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

the proceedings with the Pennsylvania Supreme Court and requested a remand for the PCRA court to conduct an evidentiary hearing on alleged newly-discovered evidence. Appellant attached an affidavit from his co-defendant allegedly exonerating Appellant of the crimes for which he was convicted. Our Supreme Court denied *allocatur* and the motion to remand on September 20, 2011. **See Commonwealth v. Mickel**, 29 A.3d 796 (Pa. 2011).

Appellant filed his current *pro se* PCRA petition on November 16, 2011. On January 10, 2012, the PCRA court notified Appellant of its intention to dismiss the petition, without an evidentiary hearing, as untimely pursuant to Pa.R.Crim.P. 907. Appellant responded on January 26, 2012. The PCRA court dismissed Appellant's PCRA petition on December 17, 2013. Appellant appealed. The PCRA court entered an order directing Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant complied timely. On April 14, 2014, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents one issue for our review:

> Whether the PCRA court's determination of facts and law was in error[?]

Appellant's Brief at v.

Appellant claims that he acquired newly-discovered evidence in the form of an affidavit from his co-defendant, Jamal Hanes, wherein Hanes accepted responsibility for the murder of the victim in this case. **Id.** at 3-4.

- 3 -

Appellant affixed the affidavit to his most recent PCRA petition.  PCRA

Petition, 11/16/2011, at Exhibit A.   The affidavit is dated October 26, 2011;

however, within the affidavit, Hanes swears to facts known to him as of April

20, 2011.  *Id.*[4]   In the affidavit, Hanes contends he "saw up close the

person who shot [the victim], and indeed, it is not [Appellant]."  *Id.*  Hanes

concludes "[Appellant] could not have committed the crime he's convicted

of, because [Hanes] was the one that committed the crime."  *Id.*  Hanes

claims that he "did not testify to this at trial [] because [he] was in jeopardy

for the same crime."  *Id.*   Appellant maintains that he presented the claim

within 60 days of September 20, 2011, the date the Pennsylvania Supreme

Court dismissed his prior PCRA appeal.  Appellant's Brief at 4.

       Our standard of review is well-settled:

        In reviewing the denial of PCRA relief, we examine whether
        the PCRA court's determination is supported by the record
        and free of legal error.  The scope of review is limited to the
        findings of the PCRA court and the evidence of record,
        viewed in the light most favorable to the prevailing party at
        the trial level.   It is well-settled that a PCRA court's
        credibility determinations are binding upon an appellate

---

[4] Appellant attached to his brief a copy of an affidavit from Hanes dated October 26, 2011 and Appellant represented that it is a copy of the affidavit that was attached to his PCRA petition.  We note, however, that the affidavit attached to the PCRA petition contained within the certified record has the following introductory statement: "I, [Hanes], duly swear **that on April 20, 2011**, the facts set forth below are true and correct…".  PCRA Petition, 11/16/2011, at Exhibit A (emphasis added).  The introductory statement contained in the affidavit attached to Appellant's brief reads:   "I, [Hanes], duly swear that the facts set forth below are true and correct…".  Appellant's Brief, Appendix.  The date has been removed.

court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (internal citations and quotations omitted).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy." ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2003) (citation omitted). "Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.,* by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." ***Id.*** (citation and internal quotations omitted).

To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Our Supreme Court has stated:

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

Exception (b)(1)(ii) requires petitioner to allege and prove that there were *facts* that were unknown to him and that he could not have ascertained those *facts* by the exercise of due diligence. The focus of the exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts. ***Commonwealth v. Johnson****,* 863 A.2d 423, 427 (Pa. 2004). In ***Johnson****,* [our Supreme] Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on ***Johnson****,* [our Supreme] Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of

fabricated testimony within the scope of exception (b)(1)(ii) because the only new aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. Specifically, [the Supreme Court] held that the fact that the petitioner discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of Section 9545(b)(1)(ii).

***Commonwealth v. Marshall***, 947 A.2d 714, 719-720 (Pa. 2008) (most citations, all quotations, brackets, and footnotes omitted) (emphasis in original).

In this case, the PCRA court determined that the co-defendant's affidavit "was originally drafted on April 20, 2011" but because Appellant waited until November 16, 2011 to file his PCRA petition, "he did not timely file his petition because it was filed more than sixty days from the date [Appellant] claims he learned of the new evidence." PCRA Court Opinion, 4/14/2014, at 4 (unpaginated). We disagree.

Our Supreme Court has previously determined:

[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

*Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (quotations and footnote omitted).

Here, Appellant had a pending PCRA petition before this Court, which he subsequently appealed to the Supreme Court, at the time he received the information contained in Hanes' affidavit. Appellant filed a motion with our Supreme Court to remand his case to the PCRA court to consider the alleged after-discovered evidence. Our Supreme Court denied that request. Thus, under *Lark*, Appellant had 60 days from the date our Supreme Court disposed of his prior petition to file the PCRA petition currently at issue. On September 20, 2011, the Supreme Court denied relief on Appellant's second PCRA petition. Appellant filed the instant PCRA petition on November 16, 2011. Accordingly, we find Appellant's claim was presented within 60 days of the first date the claim could have been presented.

Although we conclude that Appellant complied with Section 9545(b)(2), we agree with the PCRA court that Appellant "failed to establish that the [alleged] newly discovered evidence constituted evidence that was not available previously." PCRA Court Opinion, 4/14/2014, at 4. More specifically, the PCRA noted:

> In his affidavit, Jamal Hanes, [Appellant's] co-defendant, claims to have been present when the victim was killed and that he was the actual shooter of the victim []. Mr. Hanes, however, did not claim [Appellant] was not present at the time of the shooting. Thus, the affidavit does not constitute newly discovered evidence because it does not say that [Appellant] was not present when the shooting occurred. Presumably, because [Appellant] was present he was aware

of the identity of the person who shot the victim well prior to the date he became aware of the information provided by his co-defendant. Consequently, [Appellant] did not recently discover that Mr. Hanes shot the victim. And, therefore, he failed to plead or prove that the newly discovered evidence exception to the PCRA time bar excused the late filing of his petition.

*Id.* at 5.

We agree. Appellant claims he "premised his trial defense on innocence." Appellant's Brief at 12. *Id.* Upon review of the record, at trial the Commonwealth presented the testimony of several eyewitnesses who identified Appellant as the shooter at the scene of the crime. Hanes' affidavit does not refute that Appellant was present at the scene of the crime. Instead, the affidavit simply claims that Hanes, not Appellant, shot the victim. Appellant would have known this at the time of the crime. Thus, the only new aspect of Appellant's current claim is that a new witness has come forward. *See Marshal*. Accordingly, Appellant knew all the facts that he now alleges are newly-discovered or previously unknown to him. Hence, Appellant has failed to establish an exception to the jurisdictional timing requirements of the PCRA. As such, the PCRA court lacked jurisdiction and properly denied Appellant's request for PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2015