J-S12026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW D. PASCAL, | |
| Appellant | No. 1212 EDA 2015 |

Appeal from the PCRA Order of February 19, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001976-2006

BEFORE:  MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 27, 2016**

Appellant, Andrew D. Pascal, appeals from the order entered on February 19, 2014, dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On September 11, 2007, a jury convicted Appellant of first-degree murder and conspiracy to commit murder.[1]  On September 19, 2007, the trial court sentenced Appellant to life imprisonment.  On June 8, 2009, this Court affirmed Appellant's judgment of sentence.  **See Commonwealth v. Pascal**, 981 A.2d 318 (Pa. Super. 2009) (unpublished memorandum).  Our

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 903, respectively.

*Retired Senior Judge assigned to the Superior Court.

Supreme Court denied further review on December 17, 2009. ***See Commonwealth v. Pascal***, 986 A.2d 150 (Pa. 2009).

On September 7, 2010, Appellant filed his first PCRA petition. The PCRA court held an evidentiary hearing, wherein Appellant presented purported alibi testimony from Rachel Koplin. Following the submission of briefs, the PCRA court denied relief by order entered on June 23, 2011. On August 24, 2012, this Court affirmed the dismissal of Appellant's first PCRA petition. ***See Commonwealth v. Pascal***, 60 A.3d 580 (Pa. Super. 2012) (unpublished memorandum). Our Supreme Court denied further review. ***See Commonwealth v. Pascal***, 63 A.3d 776 (Pa. 2013).

On October 21, 2013, Appellant filed a second *pro se* PCRA petition. Therein he alleged he acquired exculpatory evidence, not available at trial, which would have changed the outcome of his case. He attached an affidavit from an eyewitness, Ishmael Peterson, who claimed he was present at the time of the shooting, but did not see Appellant in the SUV where the fatal shots emanated. On October 22, 2013, the PCRA court appointed counsel. The PCRA court held an evidentiary hearing on December 30, 2013. By order entered on February 19, 2014, the PCRA court dismissed Appellant's second PCRA petition. Although not entirely clear from the record, the PCRA court appointed appellate PCRA counsel, at some point, to represent Appellant. Appellant requested an appeal, but appellate PCRA counsel did not file an appeal. On January 2, 2015, the PCRA court vacated the prior appointment and appointed substitute counsel, who currently

represents Appellant on appeal. On March 13, 2015, current PCRA counsel filed a PCRA petition wherein he alleged that prior appellate counsel died after a prolonged illness, resulting in Appellant's abandonment. As such, current PCRA counsel requested the *nunc pro tunc* reinstatement of Appellant's appeal rights from the denial of his second PCRA petition. The Commonwealth agreed and the PCRA court entered an order granting Appellant's request on April 13, 2015. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

1. The PCRA hearing testimony of Ishmael Peterson was credible and, if introduced at trial, would have likely changed the outcome of Appellant's trial.

2. In light of the testimony of Ishmael Peterson, the testimony of Rachel Koplin at the hearing on [Appellant's] [f]irst PCRA [p]etition was credible and, if introduced at trial, would have likely changed the outcome of Appellant's trial.

Appellant's Brief at 4.

The PCRA court examined the substantive merits of Appellant's claims and determined that Appellant was not entitled to relief under 42 Pa.C.S.A. § 9543(a)(2)(vi).[3] However, this Court has noted:

_____

[2] Appellant filed his *nunc pro tunc* notice of appeal on April 24, 2015. On April 27, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely after the grant of an extension. On June 15, 2015, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[3] "[T]o be eligible for relief" under the PCRA, "the petitioner must plead and prove by a preponderance of the evidence" that "[t]he unavailability at the
*(Footnote Continued Next Page)*

As a threshold jurisdictional matter … the timeliness of the PCRA petition must be addressed. Even where neither party nor the PCRA court have addressed the matter, it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court. Thus, we shall forego assessment of the merits of the claim set forth in Appellant's brief and, instead, concentrate our attention on whether Appellant timely filed his PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement. As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary.

A PCRA petition is timely if it is filed within one year of the date the judgment of sentence becomes final. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

**Commonwealth v. Callahan**, 101 A.3d 118, 121-122 (Pa. Super. 2014) (internal citations, quotations, and brackets omitted).

As previously stated, our Supreme Court denied review of Appellant's judgment of sentence on December 17, 2009. Thus, Appellant's judgment of sentence became final after the Supreme Court denied allowance of appeal on December 17, 2009, and the 90-day period for filing a petition for writ of *certiorari* to the United States Supreme Court expired on March 17, 2010. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13. Accordingly, Appellant had until March 17, 2011 to file a timely PCRA

_____
(Footnote Continued)

time of trial of exculpatory evidence that has subsequently become available would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).

petition. Because Appellant filed his current PCRA petition on October 21, 2013, it was patently untimely.

A PCRA petitioner, however, may prove one of three statutory exceptions to the PCRA's jurisdictional timing requirements. Here, Appellant asserts "the facts upon which [his] claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence" prior to trial pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii). *See* Appellant's Brief at 12-16. Our Supreme Court has determined:

> Exception (b)(1)(ii) "requires petitioner to allege and prove that there were '*facts*' that were 'unknown' to him" and that he could not have ascertained those *facts* by the exercise of "due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270–1272 (Pa. 2007) (emphasis added). The focus of the exception is "on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Johnson***, 863 A.2d 423, 427 (Pa. 2004) (emphasis in original). In ***Johnson,*** [the Supreme] Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on ***Johnson,*** [the Supreme] Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. [***Commonwealth v. Abu–Jamal***, 941 A.2d 1263, 1267 (Pa. 2008)]. Specifically, [the Supreme Court] held that the fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of Section 9545(b)(1)(ii)." ***Id.*** at 1269.

*Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (footnote and original brackets omitted).

Upon review of the record, Appellant has steadfastly maintained that he was not at the scene of the crime. At trial, there was evidence that Appellant told police that he was at two other locations on the night of the murder and Appellant provided a written statement to them regarding his prior activities. Trial Court Opinion, 6/30/2008, at 10; PCRA Court Opinion, 12/28/2011, at 6. Moreover, in his first PCRA petition, Appellant alleged that he had an alibi to support his claim that he was not at the scene of the crime. The PCRA court rejected that claim and we agreed on appeal. Now, Appellant has come forward with an affidavit from Ishmael Peterson to again argue that he was not at the scene of the crime. More specifically, Peterson claims that he saw and spoke with the three occupants of the SUV, where the fatal shots emanated, moments before the murder and Appellant was not present. *See* Peterson Affidavit, Exhibit A, PCRA Petition, 10/21/2013 at 1 ("I knew for a fact Drew[,] Andrew Pascal wasn't in that SUV."). Appellant has always maintained he was not present for the murder. Thus, Peterson's affidavit is yet another conduit for the same claim Appellant made at trial and during the course of his first, unsuccessful PCRA petition; it cannot be the basis of an exception under Section 9545(b)(1)(ii) to the one-year jurisdictional requirement of the PCRA. Hence, the PCRA court lacked

jurisdiction to entertain Appellant's untimely claim. Accordingly, we affirm the dismissal of Appellant's most recent PCRA petition.[4]

     Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2016

---

[4] This Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." **Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009) (brackets omitted).