J-S10029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERNARD JACKSON, | |
| Appellant | No. 1097 EDA 2015 |

Appeal from the PCRA Order Entered March 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0600971-1985

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 05, 2016**

Appellant, Bernard Jackson, appeals *pro se* from the post-conviction court's March 23, 2015 order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court previously summarized the facts of Appellant's case, as follows:

> On November 20, 1984, [A]ppellant, … along with co-defendants, Gregory Campbell and Veleda Broaddus, forcibly entered the apartment of Alvin Gass, shot and murdered him. Appellant was not the actual triggerman.  Present in the apartment at the time of the shooting were the victim's wife, Freda Dowling, their thirteen year old daughter, Lydia[,] and other children of the couple.  Broaddus, known to the victim's family as "Miss Marie," was positioned outside the apartment door.  Broaddus asked the victim's daughter, Lydia[,] whether her parents were home.  Lydia replied that they were not.  Soon

---

[*] Retired Senior Judge assigned to the Superior Court.

thereafter, Broaddus was joined by Campbell, known by the victim's family, and [Appellant], later identified, who were seen by the victim's daughter conversing outside the apartment building moments earlier.

Again, following a knock on the door, Lydia was asked from outside the apartment door whether her parents were home and again she stated that they were not. When Lydia refused to open the door to the apartment for the perpetrators, the door was kicked open. Appellant was identified as the male who entered the apartment and pushed Freda Dowling to the floor while his co-defendant, Campbell, fired on the victim, Alvin Gass[,] from the doorway.

Appellant was identified by the victim's wife, Freda Dowling, by photo array conducted four days after the shooting. … Appellant was again identified by Dowling at the time of the trial.

*Commonwealth v. Jackson*, No. 3216 Philadelphia 1986, unpublished memorandum at 1-2 (Pa. Super. filed May 17, 1988).

Following a jury trial alongside co-defendants Campbell and Broaddus, Appellant was convicted of first-degree murder, burglary, and criminal conspiracy.

[Appellant] appealed from the judgment of sentence and on May 17, 1988, the Superior Court affirmed the judgement of sentence. [] *Jackson*, [*supra*]. [Appellant] thereafter filed a *pro se* PCRA petition in August [of] 1988. On March 5, 1991, the lower court dismissed [Appellant's] PCRA petition. The Superior Court subsequently affirmed the dismissal of [Appellant's] petition. [*Commonwealth v. Jackson*, No. 00894 Philadelphia 1991, unpublished memorandum (Pa. Super. filed October 8, 1992)]. … On May 23, 2014, [Appellant] filed the current *pro se* PCRA petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition on September 26, 2014. [Appellant] filed a [*pro se*] response to the court's Rule 907 notice on October 14, 2014. The lower court dismissed [Appellant's] petition as untimely on March 23, 2015.

[Appellant] filed the instant, *pro se* notice of appeal to the Superior Court on April 6, 2015.

PCRA Court Opinion (PCO), 4/24/15, at 1-2.

The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but the court did issue a Rule 1925(a) opinion on April 24, 2015. Herein, Appellant raises five issues for our review:

> 1. Did the []PCRA[] court commit reversible error by failing to properly consider the materail [*sic*] record/facts pertaining to Appellant's submission of newly discovered evidence (affidavit) relevant to such claim?
>
> 2. Did the PCRA court err and commit reversible error when it dismissed Appellant's petition holding him to the strictures of an attorney?
>
> 3. Did the PCRA court err and commit reversible error when it dismissed Appellant's petition [and] failing to apply the standard set-forth [*sic*] in the PCRA form page 2 paragraph 4 subparagraph (v)?
>
> 4. Did the PCRA court err and commit reversible error when it omitted in its opinion page 4 the facts of record upon which Appellant's claims are predicated and completely failed to mention that trial counsel did not file a notice of alibi claims that are properly preserved and presented to the court for review?
>
> 5. Does the supporting discussion as to Appellant's diligence to obtain the newly discovered evidence merit remand to the PCRA court for an evidentiary hearing?

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the

- 3 -

timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on June 16, 1988, at the expiration of the thirty-day time-period for seeking review with the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (directing that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Thus, Appellant's May 23, 2014 PCRA petition is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the after-discovered evidence exception of Section 9545(b)(1)(ii) based on an affidavit he received from Veleda Broaddus. In that affidavit, notarized on May 19, 2014, Ms. Broaddus presents an alibi for Appellant (as well as herself), claiming that she and Appellant were both in her home, with her three children, at the time of the murder of Alvin Gass. She further maintains that her attorney failed to proffer her alibi defense, and that Appellant's trial counsel never contacted her or her children about providing an alibi for

Appellant. Finally, she stated that she is willing to testify as an alibi witness for Appellant if he is afforded a new trial.

In *Commonwealth v. Marshall*, 947 A.2d 714 (Pa. 2008), our Supreme Court explained that,

> [e]xception (b)(1)(ii) "requires petitioner to allege and prove that there were '*facts*' that were 'unknown' to him" and that he could not have ascertained those *facts* by the exercise of "due diligence." [] *Bennett*, … 930 A.2d [at] 1270–72 … (emphasis added). The focus of the exception is "on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 580 Pa. 594, 863 A.2d 423, 427 (2004) (emphasis in original). In *Johnson,* this Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on *Johnson,* this Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. [*Commonwealth v.*] *Abu–Jamal,* [941 A.2d 1263,] 1267 [Pa. 2008)]. Specifically, we held that the fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." *Id.* at 1269.

*Marshall*, 947 A.2d at 720 (footnote omitted).

In this case, even if we presume that Ms. Broaddus' alibi is credible, Appellant obviously became aware of the 'fact' of this alibi defense on the day he was arrested and informed that he was charged with the November 20, 1984 murder of Alvin Gass. Therefore, Ms. Broaddus' *admission* of this alibi in her affidavit is merely a new source of a fact that Appellant previously knew. *See Johnson*, 863 A.2s at 602. Likewise, Ms. Broaddus'

statement in her affidavit that Appellant's counsel never 'summoned' her or her children to provide alibi testimony is also a 'fact' that was known to Appellant at the time of trial. While Appellant now contends that his trial counsel acted ineffectively by not pursing this alibi defense, "it is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). We also stress that Appellant could have raised counsel's alleged ineffectiveness on direct appeal,[1] or in his first PCRA petition, yet he failed to do so.

In sum, Appellant has not proven that Ms. Broaddus' affidavit satisfies the timeliness exception of Section 9545(b)(1)(ii). Accordingly, we are without jurisdiction to assess the merits of his claims, and the PCRA court did not err in dismissing his untimely petition.

Order affirmed.

_____

[1] Appellant's direct appeal was filed prior to *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), in which our Supreme Court held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738 (footnote omitted). Therefore, Appellant could have asserted, on direct appeal, that his trial counsel ineffectively failed to pursue, and/or present, the alibi testimony of Ms. Broaddus and her children.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/2016