**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PIERRE LAMONT PINSON | |
| Appellant | Nos. 1067 WDA 2016 |

Appeal from the PCRA Order Dated June 10, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0014157-1999; and
CP-02-CR-0013750-1999

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 8, 2017**

Appellant Pierre Lamont Pinson *pro se* appeals from the June 10, 2016 order of the Court of Common Pleas of Allegheny County ("PCRA court"), which dismissed as untimely his serial petitions for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, Appellant's judgment of sentence at docket number 13750 ("Case 1") became final on November 26, 2002, and his judgment of sentence at

_____

[*] Former Justice specially assigned to the Superior Court.

docket number 14157 ("Case 2") became final on June 25, 2004.[1]  Thus, Appellant had until November 26, 2003, and June 25, 2005, respectively, to file timely PCRA petitions.  On October 22, 2015, Appellant *pro se* filed his fourth (instant) PCRA petition in Case 1.  A few days later, on October 28, 2015, Appellant *pro se* filed his second (instant) PCRA petition in Case 2. Both petitions raised identical claims that had been decided by prior panels of this Court on collateral review.  *See Commonwealth v. Pinson*, 82 A.3d 1068 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014); *Commonwealth v. Pinson*, 968 A.2d 795 (Pa. Super. 2009), *appeal denied*, 983 A.2d 727 (Pa. 2009).  Specifically, Appellant asserted that his prior attorneys were ineffective for failing to raise the issue of prosecutorial misconduct when the Commonwealth failed to disclose to Appellant that its main witness, Detective Dennis Logan, had used questionable tactics to obtain information and confessions from other individuals charged with crimes in Allegheny County.  The trial court ultimately dismissed as untimely Appellant's PCRA petitions.  Appellant timely appealed to this Court.

On appeal,[2] Appellant raised three issues for our review:

---

[1] In Case 1, Appellant was convicted of four counts of aggravated assault, one count of criminal conspiracy, and one count of carrying a firearm without a license.  In Case 2, Appellant was convicted of one count of attempted robbery, two counts of criminal conspiracy, and three counts of robbery.

[2] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the
*(Footnote Continued Next Page)*

[I.] Do Appellant's claims adhere to the plain language of 42 Pa.C.S.A. § 9545(b)(1)(ii)?

[II.] Was Appellant's right to due process violated when the prosecutor whether in good or bad faith withheld material evidence (*crimen falsi*) favorable to the defense?

[III.] Did the PCRA court abuse its discretion and thereby commit reversible error in failing to address Appellant's motion to withdraw counsel which was filed prior to counsel's no-merit letter and subsequently dismissing Appellant's PCRA without a hearing?

Appellant's Brief at viii (unnecessary capitalization omitted).

As a threshold matter, we must determine whether the PCRA court erred in dismissing as untimely Appellant's PCRA petitions. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(Footnote Continued) _____

record and free of legal error." ***Commonwealth v. Widgins***, 29 A.3d 816, 819 (Pa. Super. 2011).

- 3 -

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated earlier, the record reflects that Appellant's judgments of sentence became final on November 26, 2002 (Case 1) and June 25, 2004 (Case 2). *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant, therefore, had until November 26, 2003, and June 25, 2005, respectively, to file a timely PCRA petition. The current filings are facially untimely given they were filed on October 22, 2015, and October 28, 2015, respectively.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant concedes that the instant PCRA petitions are untimely. He, however, alleges that he is entitled to relief under Section 9545(b)(1)(ii) because, through an open records request, he learned that Detective Logan was named in a federal civil rights

- 4 -

lawsuit initiated in 2000 and that the Commonwealth committed prosecutorial misconduct in failing to disclose this information. Appellant alleges that he filed the instant PRCA petitions within 60 days of learning this new fact concerning Detective Logan. Appellant's discovery through an open records request that Detective Logan was named in a federal lawsuit does not amount to a new fact. Rather, what Appellant is arguing is that he has discovered a **new source** to support his allegation of prosecutorial misconduct. It is settled that the discovery of new sources for a previously known fact cannot satisfy a petitioner's burden under Section 9545(b)(1)(ii). **See Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004) ("The after-discovered evidence exception, however, focuses on newly discovered *facts*, not on a newly discovered or a newly willing source for previously known facts.") (emphasis in original). Instantly, as a prior panel of this Court noted, "Appellant was aware of Detective Logan's history of misconduct as early as 2003, when he filed his first PCRA petition." **Commonwealth v. Pinson**, No. 1869 WDA 2012, unpublished memorandum at 8-9 (Pa. Super. filed July 16, 2013). Moreover, another prior panel of this Court noted that Appellant "relies on a newspaper article dated June 28, 2002, which indicated that a **federal jury** had awarded compensatory and punitive damages to a man whom Logan and his partner had improperly treated during a criminal investigation." **Commonwealth v. Pinson**, No. 2053 WDA 2007, unpublished memorandum at 4 (Pa. Super. January 6, 2009) (emphasis added).

Additionally, Appellant's open records request yielded a public record, *i.e.*, a case file for the 2000 federal law suit against Detective Logan, upon which he relied in his instant PCRA petitions. Our Supreme Court has held that matters of public record cannot be previously unknown facts for purposes of Section 9545(b)(1)(ii). **Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006). This Court, however, has held that the presumption of access to public information does not apply where a petitioner is a *pro se* prisoner when the information becomes publicly available. **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*), **affirmed**, 2017 WL 1149203 (Pa. March 28, 2017). **Burton** does not apply here because Appellant was represented by counsel in 2000 when the federal lawsuit was initiated. Based on the foregoing, Appellant does not meet the due diligence requirement under Section 9545(b)(1)(ii). We, therefore, conclude that the PCRA court did not err in dismissing as untimely his PCRA petitions for want of jurisdiction.

Even if the PCRA court had jurisdiction, Appellant still would not have been entitled to relief as his claim of prosecutorial misconduct had been litigated previously. **See** 42 Pa.C.S.A. § 9543(a)(3) (requiring that the allegation of error an appellant presents in a PCRA petition has not been previously litigated or waived); **see also** 42 Pa.C.S.A. § 9544(a)(2) (an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017