J-S68038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN MILLER, | |
| Appellant | No. 3563 EDA 2014 |

Appeal from the PCRA Order November 13, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1010301-1997

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

CONCURRING AND DISSENTING MEMORANDUM BY BENDER, P.J.E.:

**FILED December 18, 2015**

I cannot agree with the Majority when it concludes that Appellant cannot avail himself of either the "newly discovered fact" and/or "governmental interference" exceptions to overcome the time-bar enumerated in the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9545(b)(1), with regard to new evidence concerning David Williams' ("David") statement to police falsely implicating Jack Williams ("Jack") in an unrelated homicide, which occurred within hours of David's implicating Appellant in the murder of Anthony Mullen ("Mullen").  Accordingly, I respectfully dissent in part, and concur in part.

Appellant was convicted in 1998 of murdering Mullen in 1996, based on his purported confession to David, and information received from Michael

Arnold ("Arnold") concerning the alleged murder weapon.[1]  At Appellant's trial, David fully recanted his statement to police implicating Appellant. Arnold partially recanted his prior statement, testifying at trial that he did not know the caliber of the firearm in question, and that it was inoperable when it came into Appellant's possession.  Nevertheless, the jury disbelieved the recantations, and convicted Appellant of second-degree murder and related offenses.   Subsequently, David has repeatedly recanted the statement he initially made to police implicating Appellant; indeed, David maintains that he murdered Mullen, and had framed Appellant for the killing. Arnold has also now fully recanted.[2]  These recantations were the primary basis for Appellant's previous, unsuccessful PCRA petitions.  The impetus for Appellant's current PCRA petition, his fourth, is new information concerning David's statement to police falsely implicating Jack in an unrelated homicide,[3] and a new iteration of Arnold's previous recantations.   David's

_____

[1] The murder weapon was never recovered by the police.  However, Arnold's initial statement to the police indicated that Appellant had come into possession of Arnold's weapon, possibly a 9mm pistol, when Arnold had abandoned that weapon when approached by police two months' prior to Mullen's murder.   The Commonwealth's evidence revealed that 9mm cartridge casings were found near Mullen's body.

[2] Arnold wrote a letter in 2011 claiming that he had lied at Appellant's trial. Arnold subsequently composed an affidavit corroborating his statements in that letter.

[3] Relatedly, Appellant also contends that "David later told Jack that he had made a false statement inculpating Jack in exchange for leniency in his robbery case."  Majority Opinion, at 12 (citing Appellant's Brief, at 24).

statement regarding Jack was given to police on the same day that David implicated Appellant for the murder of Mullen and, thus, it tends to corroborate David's and Arnold's recantations.

Appellant believes, reasonably, that if the jury was aware that David has falsely implicated another person in an unrelated murder within hours of implicating Appellant, they would have been more inclined to believe David's recantation and disbelieve his initial statement to police. He makes similar claims with regard to Arnold's new recantation.

As the Majority correctly acknowledges, Appellant's current PCRA petition, his fourth, is facially untimely. Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). There are three statutory exceptions to this time-bar:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant avers that his claim regarding David's false accusation implicating Jack meets both the "newly discovered fact" and "governmental interference" exceptions set forth in sections 9545(b)(1)(ii) and 9545(b)(1)(i), respectively. With regard to Arnold's new recantation evidence, Appellant invokes only the "newly discovered fact" exception. As to this latter issue, I concur with Majority that the PCRA court's dismissal of this claim without a hearing was free of legal error and supported by the record. Thus, my dissent is confined to the issues related to David's falsely accusing Jack of committing an unrelated homicide on the same day that David first implicated Appellant in Mullen's murder.

First, with respect to the "newly discovered fact" exception, the Majority echoes the ruling of the PCRA court, construing Appellant's "newly discovered fact" as merely a "new source of a previously known fact." Majority Opinion, at 13; *see Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) ("The after-discovered evidence exception, however, focuses on newly discovered *facts*, not on a newly discovered or a newly willing source for previously known facts.") (emphasis in original), *abrogation on*

*different grounds recognized by* ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007). I disagree with the application of this principle to the facts before us. The Majority conflates or confuses a new fact—David's false accusation regarding Jack—with the defense theory that David falsely implicated Appellant in the murder of Mullen. Even if one construes that defense theory as a fact, it is patently not the same fact as David's false statement regarding a different person and a different murder.[4] Thus, I would not have affirmed the PCRA court's dismissal of this issue, and would have instead moved on to consider the due diligence prong of the "newly discovered fact" exception. As discussed below, I believe that resolution of that prong requires that we remand for a hearing.

Second, regarding the "government interference" exception, the Majority relies squarely on the PCRA's court's reasoning for denying

_____

[4] The Majority apparently disregards this distinction by invoking the notion that the "ultimate fact" at issue is David's false accusation of Appellant, and that the new fact regarding David's false accusation of Jack merely serves to reinforce or corroborate that "ultimate fact." Majority Opinion, at 14 ("Appellant has known the ultimate fact that David falsely accused Appellant of Mullen's homicide since his preliminary hearing in October [of] 1997."). I believe, however, that this over-generalization puts our interpretation and application of the "newly discovered fact" exception on a slippery slope towards oblivion. One might also construe Appellant's 'non-guilt' as the "ultimate fact" and, thus, render any new evidence challenging that ultimate fact as merely 'new sources of a previously known fact.' Thus, while we should endeavor to not permit trivial modifications of previously known facts to trigger the "newly discovered fact" exception of the PCRA's time-bar, we must also avoid over-generalizing so as to effectively preclude any new evidence from meeting the exception. Instantly, I believe the Majority treads too deeply into the latter camp.

Appellant's claim without a hearing, which essentially posits that Appellant could have simply asked pertinent questions of David to discover his false accusation regarding Jack at an earlier time. PCRA Court Opinion (PCO), 1/30/15, at 11. The PCRA court apparently believes that such questioning should have or could have occurred earlier because Appellant "had known [David] since childhood and [David] had been actively cooperating with [Appellant's] efforts to exonerate himself since at least 2003." *Id.*

I view this as little more than speculation. The PCRA court fails to explain how it could come to this fact-intensive conclusion without the benefit of a hearing. Certainly, it may be that David and Appellant knew each other since childhood. And it is apparent that David assisted in Appellant's previous attempts for PCRA relief, as he testified on Appellant's behalf at prior PCRA hearings. However, Appellant believes that David murdered Mullen and then falsely accused him of that murder. One might reasonably doubt that the nature of their relationship is amicable in the way intimated by the PCRA court, regardless of David's prior assistance. Indeed, as Appellant argues: "[Appellant] is incarcerated. He had no ability to speak to [David], let alone force him to come forward with information before [David] himself decided that he was ready." Appellant's Brief, at 26. These conflicting narratives should have been resolved at an evidentiary hearing.

Regardless of these factual discrepancies, I would reject the PCRA court's legal conclusion as it stands. Due diligence analysis must be "fact-specific, to be determined case-by-case; it does not require perfect vigilance

and punctilious care, but merely a showing that the [party] has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). I do not believe that the PCRA court's legal analysis or the factual record adequately supports a finding that Appellant failed to act with due diligence.

It is only through the clarity of hindsight that one can conceive of simple, pertinent questions which might have extracted the new fact from David at an earlier time. If one already knows the answer sought, then the appropriate question(s) to elicit that answer easily come to mind. However, when the fact—or even the nature of that fact—is not known beforehand, then the pertinent questions are not so "easily obtained." PCO, at 11.

Moreover, whether David would have answered honestly at a prior time is unknown. If one thing is clear from the long history of this case, David has not been the most truthful of witnesses. However, even had he been inclined to answer honestly in the past, it is not at all clear that, as the PCRA court speculates, 'simple' questions regarding his interactions with authorities would have spurred him to reveal his accusations regarding Jack. David might have thought that his false statement to police regarding a different person and a different crime were wholly unrelated to Appellant's case. While we might expect an attorney to recognize the relevance of that information, I am reluctant to presume it of a layperson. Again, perfect hindsight about the potential information available from David tends to inflate our perception of what was probable or likely to have been revealed

beforehand. Indeed, for all we know, David may have failed to answer the most direct and on-point questions likely to elicit the pertinent information long before this newly discovered information ultimately came to light.

I believe the PCRA court's due diligence analysis is erroneous and not adequately supported by the record. Accordingly, I would remand this matter for a hearing to determine if Appellant acted with due diligence for purposes of resolving whether he can satisfy either the "newly discovered fact" and/or "government interference" exception to the PCRA's time bar.

I respectfully dissent.