J-S66029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GLYNN A. HOLDER | |
| Appellant | No. 286 MDA 2016 |

Appeal from the PCRA Order February 4, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004275-1998

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                      **FILED NOVEMBER 07, 2016**

Appellant, Glynn A. Holder, appeals from the order entered February 4, 2016, by the Honorable John S. Kennedy, Court of Common Pleas of York County, which denied his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

Holder was convicted on March 3, 1999, of rape, involuntary deviate sexual intercourse ("IDSI"), indecent assault, criminal solicitation to commit rape, criminal solicitation to commit IDSI, criminal solicitation to commit statutory sexual assault, four counts of corruption of minors, and two counts of endangering the welfare of children. On May 24, 1999, the trial court sentenced Holder to an aggregate term of 31½ to 63 years' imprisonment. This Court affirmed Holder's judgment of sentence on September 22, 2000.

Holder did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 10, 2001, Holder filed a PCRA petition, which the PCRA court dismissed on April 6, 2001. This Court affirmed the dismissal on September 10, 2002, and the Supreme Court denied allocator. Thereafter, on September 15, 2005, Holder filed his second PCRA petition, which was again dismissed by the PCRA court. This Court affirmed the dismissal on February 16, 2007, and the Supreme Court denied the petition for allowance of appeal. Holder filed a third PCRA petition on October 16, 2008, which the PCRA court dismissed as untimely on October 23, 2008. This Court affirmed the dismissal on November 13, 2009, and the Supreme Court denied review on July 19, 2010.

On July 16, 2012, Holder filed his fourth PCRA petition. The PCRA court dismissed Holder's petition as untimely on July 30, 2012. This Court affirmed the dismissal on April 8, 2013. Holder's fifth petition, filed on October 3, 2014, was dismissed as untimely. This Court affirmed the dismissal on May 15, 2015.

Less than two months later, Holder filed a document entitled "Petition of Actual Innocence." The PCRA court treated the document as Holder's sixth PCRA petition, and once again dismissed the petition as untimely. This timely appeal followed.

Preliminarily, we note that we are without jurisdiction to entertain Holder's PCRA petition. It is axiomatic that a PCRA petition, including a second or subsequent petition, must be filed within *one year* of the date that the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). If a petition is filed after that one year date, the general rule is that the PCRA court lacks jurisdiction to hear the petition. However, section 9545(b) provides for three limited circumstances to the general rule in which such a petition may be filed beyond that one-year period. That section provides, in pertinent part, the following:

> **(b) Time for filing petition.--**
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> …
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> …
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)(ii), (2). **See also Commonwealth v. Pursell**, 749 A.2d 911, 914-915 (Pa. 2000) ("The courts have no jurisdiction to grant [a litigant] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 [Pa.C.S.A.] § 9545(b)(1)(i)-(iii) applies.");

***Commonwealth v. Wilson***, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*) ("Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.").

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 111 A.3d 171, 177 (Pa. Super. 2015) (citations and quotation marks omitted) (emphasis omitted).

In the instant case, this Court affirmed Holder's judgment of sentence on September 22, 2000. Holder's judgment of sentence thereafter became final upon expiration of the time to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, on October 23, 2000. ***See*** Pa.R.A.P. 1113. Holder's current PCRA petition was not filed until July 9, 2015, and is patently untimely, as it was filed almost 15 years after Holder's judgment of sentence became final. As such, the PCRA court lacked jurisdiction to review Holder's petition unless he pled and proved in his petition that one of the statutory exceptions was applicable.

Instantly, Holder purports to invoke the so-called "newly discovered fact" exception to the PCRA time bar. Holder argues that he has

"discovered" the testimony of eight alibi witnesses. He asserts that these witnesses would testify to his presence at other locations on the dates and times of the crimes for which he was convicted.

Holder's alibi witnesses are not newly discovered facts. They are newly discovered sources that support Holder's belief that he was somewhere else when the crimes were alleged to have occurred. Holder should have been aware of his potential alibi prior to trial. His potential alibi is not a new fact. The discovery of new sources for a previously known fact does cannot satisfy Holder's burden under § 9545(b)(1)(ii). **See Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004).

As Holder therefore fails to properly invoke an exception to the timeliness requirements of the PCRA listed under § 9545, we find his petition is patently untimely and was properly denied.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2016