J-S74030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC WILLIAMS | : | |
| | : | |
| Appellant | : | No. 820 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0138782-1990

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 20, 2017**

Eric Williams appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On October 25, 1990, Williams was convicted of second-degree murder and related charges stemming from an incident in which he robbed a man who was attempting to buy drugs from him and subsequently ordered his co-conspirator to shoot the man.  Williams was sentenced to an aggregate term of life imprisonment.  On appeal, this Court affirmed his judgment of sentence and the Supreme Court denied allowance of appeal.

On May 10, 2016, Williams filed the instant PCRA petition, his fourth.[1] The PCRA court dismissed the petition as untimely on February 10, 2017. This timely appeal follows, in which Williams challenges the court's determination that his petition was untimely and that he failed to satisfy one of the exceptions to the statutory time bar. Specifically, Williams claims that he satisfied the newly-discovered fact exception pursuant to section 9545(b)(1)(ii) of the PCRA and filed his petition within 60 days of discovery, as required under section 9545(b)(2). Williams is entitled to no relief.

We begin by noting our scope and standard or review:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations and quotation marks omitted).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme

---

[1] Williams' three prior petitions were all dismissed and the orders affirmed by this Court.

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also* *Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, Williams' judgment of sentence became final on or about July 15, 1996, upon the expiration of the ninety-day period for filing a writ of certiorari with the U.S. Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, he had one year from that date, or until July 15, 1997, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Williams did not file the instant petition until May 10, 2016, more than 19 years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Williams' petition unless he pleaded and proved one of the three statutory exceptions to the time bar. The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of the exceptions to the time bar must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The time limits set forth in the PCRA are jurisdictional in nature, implicating a court's very power to

adjudicate a controversy. **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014). Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling and can be extended only by operation of one of the above-enumerated exceptions to the PCRA time-bar. **Id.**

Here, Williams attempts to invoke the "newly-discovered fact" timeliness exception. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Williams claims that, on March 26, 2016, he became aware of a letter written to him by Commonwealth witness Harold Jackson in which Jackson recants the testimony he gave at Williams' trial. However, Jackson's recantation is not a new "fact" as contemplated by the PCRA.

Our Supreme Court has previously expounded upon the "newly discovered fact" exception under section 9545(b)(1)(ii) as follows:

> Exception (b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those *facts* by the exercise of "due diligence." **Commonwealth v. Bennett**, [] 930 A.2d 1264, 1270–72 ([Pa.] 2007) (emphasis added). The focus of the exception is "on [the] newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Johnson**, [] 863 A.2d 423, 427 ([Pa.] 2004) (emphasis in original). In **Johnson**, this Court rejected the petitioner's argument that a witness['] subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on **Johnson**, this Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. [**Commonwealth v.**] **Abu–Jamal**, [941 A.2d 1263, 1267 (Pa. 2008)]. Specifically, we held that the fact that the petitioner "discovered yet another conduit for the same

claim of perjury does not transform his latest source into evidence falling within the ambit of [section] 9545(b)(1)(ii)." **Id.** at 1269.

**Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008).

As in **Johnson**, **supra**, the affidavit presented by Williams is merely a new source for information of which Williams was already aware. Williams' own affidavit, submitted in support of his petition, demonstrates that he was aware of Jackson's recantation as far back as 1994:

> 13. I aver that in 1994 it had been brought to my attention that Mr. Jackson had testified at the Post-Sentencing Hearing of my co-defendant, George Page, on February 28, 1994, and he had recanted the testimony had had made against me at my trial, stating that he had been threatened by detectives and bribed by the District Attorney with $350.00 to give false testimony.

Affidavit in the Interest of Eric Williams, 4/22/16, at ¶ 13.

Williams was aware of Jackson's recantation in 1994 and has not explained why he was unable to present this information to the court at an earlier date. As the Commonwealth aptly notes, the fact that a letter containing old facts has recently been notarized does not transform the old facts into new ones. Because the facts upon which Williams' claim is predicated were not previously unknown to him, Williams has failed to satisfy the exception to the time bar. Accordingly, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2017