J-S82009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JASON GACOBANO | : | |
| | : | |
| Appellant | : | No. 4030 EDA 2017 |

Appeal from the PCRA Order November 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1003062-1995

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 28, 2019**

Jason Gacobano appeals *pro se* from the trial court's order, entered in the Court of Common Pleas of Philadelphia County, dismissing his fifth petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  Because Gacobano's petition is patently untimely and he fails to plead and prove a PCRA timeliness exception, we affirm.

On August 22, 1996, a jury convicted Gacobano of rape, involuntary deviate sexual intercourse, burglary, possession of an instrument of crime, and conspiracy.  On November 25, 1996, Gacobano was sentenced to 14½ to 50 years in prison.  He filed a direct appeal and our Court affirmed Gacobano's

---

[1]  42 Pa.C.S.A. §§ 9541-9546.

---

*   Retired Senior Judge assigned to the Superior Court.

judgment of sentence on July 21, 1998. *Commonwealth v. Gacobano*, 724 A.2d 954 (Pa. Super. filed July 21, 1998) (unpublished memorandum).

Gacobano filed four PCRA petitions in 1998, 2001, 2006, and 2011. They were each denied. He filed the instant PCRA petition, his fifth, on May 18, 2012, serial motions for post-conviction DNA testing,[2] as well as a supplemental petition on December 19, 2016. On October 11, 2017,[3] the court issued Gacobano Pa.R.Crim.P. 907 notice of its intent to dismiss his petition and supplemental petitions as untimely, without further proceedings. Gacobano filed no response to the notice and, on November 21, 2017, the court dismissed the petition. On December 1, 2017, Gacobano filed a timely notice of appeal.

Gacobano raises the following issues for our review:

(1) Did the trial court err[] when it denied PCRA relief to [Gacobano] when the court in error determined that [Gacobano] did not invoke an exception to § 9545 in an actual innocent and a miscarriage of justice claim?

(2) Was trial counsel ineffective for failing to investigate that his client, [Gacobano,] was wrongly identified by police as a suspect and that [Gacobano] is not and never has been Jason Gacobano, thus causing a conviction of an innocent man for crimes which he did not commit?

---

[2] *See* 42 Pa.C.S. § 9543.1.

[3] On April 12, 2013, our Court affirmed the trial court's March 12, 2012 order denying Gacobano's petition for DNA testing. *Commonwealth v. Gacobano*, 65 A.3d 416 (Pa. Super. 2013). The denial of that motion is not currently before us.

Appellant's Brief, at 4.

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(3). Instantly, Gacobano's judgment of sentence became final on August 21, 1998, when the time to file a petition for allowance of appeal to the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113 (defendant has 30 days to file petition for allowance of appeal with Supreme Court). Thus, Gacobano had one year from that date, or until August 21, 1999, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). He did not file the instant petition, however, until May 18, 2012, more than twelve years too late. Accordingly, unless Gacobano pleads and proves an exception to the PCRA time bar, the PCRA court was without jurisdiction to consider its merits and properly dismissed his petition as untimely.

The three exceptions to the PCRA's one-year time bar, set forth in section 9545(b)(1), include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.*; *see also* 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature; accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Gacobano raises the "newly-discovered facts" exception, set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii), claiming that "[b]etween August and October 2016 he received 12 affidavits signed from witnesses who will testify that [he] is not and ha[s] never been Jason Gacobano." Appellant's Brief, at 7. He claims that he filed his petition, alleging the exception, within 60 days of the date he received the last affidavits on October 18, 2016.[4]

In his argument, Gacobano "invoke[e]s the **Lawson**[5] standard for substantive actual innocence[,]" **id.**, which is set forth in 42 Pa.C.S.A. § 9543(a)(2). However, as our Supreme Court recognized in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017):

> The newly-discovered facts exception to the time limitations of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as set forth in 42 Pa.C.S. § 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, **where a petition is otherwise timely**, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is

---

[4] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the 60-day time limit in section 9545(b)(2) applies to Gacobano's petition, as he filed his petition on December 19, 2016.

[5] **Commonwealth v. Lawson**, 549 A.2d 107 (Pa. 1988),

not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. D'Amato**, [] 856 A.2d 806, 823 (Pa. 2004); **see [Commonwealth v.] Cox**, 146 A.3d [221,] 227-28 [(Pa. 2016)] ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

*Id.* at 629 (emphasis added). **See also Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007) (reference to after-discovered evidence was "misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'").

Because Gacobano's petition is untimely, he must first plead and prove the "newly-discovered fact" exception before arguing a substantive after-discovered evidence claim. Succinctly put, pleading and proving the exception under section 9545(b)(1)(ii) is a threshold issue before a petitioner can prove a claim under section 9543(a)(2). Here, Gacobano has not explained how the fact that he is "actually someone else other than Jason Gacobano, and that the Commonwealth and Philadelphia Police misidentified [him] and charged and convicted him of crimes he did not commit," Appellant's brief at 14, was unknown to him prior to 2016 and could not have been ascertained sooner by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). Moreover, the 12 affidavits attesting to this "fact" do not provide him any support in proving this timeliness exception. **See Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004) (focus of section 9545(b)(2)(ii) exception is on newly-

discovered fact itself, not newly-discovered or newly-willing source for previously known fact).

Accordingly, because Gacobano has failed to plead and prove an exception to save his otherwise untimely PCRA petition, the court did not have the power to address the merits of his PCRA claims. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). Thus, the court properly dismissed his petition as untimely.[6]

Order affirmed.[7]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/19

_____

[6] Moreover, even if Gacobano had pled and proven the exception under section 9454(b)(1)(ii), it would not have afforded him any relief where the victim identified him as one of her assailants only moments after he fled and later threatened to kill her.

[7] Because Gacobano has failed to invoke the PCRA court's jurisdiction, his ineffectiveness claim is also unreviewable. ***See Commonwealth v. Peterkin***, 886 A.2d 1120 (Pa. 2005) (compiling cases that hold claims of ineffectiveness will not overcome jurisdictional timeliness requirements of PCRA).