J-S07015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC L. MAXWELL | : | |
| | : | |
| Appellant | : | No. 997 MDA 2018 |

Appeal from the PCRA Order May 23, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001517-1984

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

DISSENTING MEMORANDUM BY OLSON, J.: **FILED APRIL 23, 2019**

The learned Majority concludes, in part, that Appellant, Eric L. Maxwell, properly invoked the "newly-discovered" fact exception to the PCRA's[1] time-bar found at 42 Pa.C.S.A. § 9545(b)(1)(ii) when he cited a July 9, 2016 statement by his brother, Brian Maxwell (Brian), to the effect that Brian overheard the district attorney say to a police officer at trial that he did not think there would be any African Americans on the jury. My review of the certified record reveals, however, that Appellant raised ***Batson***[2] challenges in at least three prior post-conviction filings: (1) state *habeas corpus* petition filed September 22, 1996; (2) second federal *habeas corpus* petition filed November 3, 1997; and, (3) second PCRA petition filed May 24, 2000.

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Batson v. Kentucky***, 476 U.S. 79, 86-87 (1986).

---

\* Retired Senior Judge assigned to the Superior Court.

Amended PCRA Petition, 9/7/16, at para. 39.3.2. These filings alleged, among other things, that the district attorney used peremptory challenges to exclude African Americans from the jury in violation of Appellant's constitutional rights. *See id*. at para. 29 (describing claims raised in Appellant's *pro se* May 2000 second PCRA petition). It is well settled in Pennsylvania that the focus of the exception found at § 9545(b)(1)(ii) is on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims. *See Commonwealth v. Robinson*, 185 A.3d 1055, 1064 n.4 (Pa. Super. 2018) (*en banc*), *appeal denied*, 192 A.3d 1105 (Pa. 2018). Appellant's petition in this case establishes that, as early as 1996, Appellant possessed the facts to pursue claims that the district attorney used peremptory challenges to exclude blacks from his jury or, at the very least, possessed facts which would trigger investigation into such matters. Under these circumstances, I would view Brian's July 9, 2016 statement as a newly-discovered source of information that corroborated previously known facts and claims. As such, it could not confer jurisdiction over the instant petition. Because the Majority concludes otherwise, I respectfully dissent.

As the Majority acknowledges, it is uncontested that Appellant's petition is untimely and that he needed to invoke an exception to the PCRA's time-bar to obtain review of the merits of his *Batson* claim.[3] To this end, Appellant

_____

[3] The statutory exceptions found at 42 Pa.C.S.A. § 9545 are as follows:

elected to pursue the "newly-discovered" fact exception to establish jurisdiction. Specifically, Appellant alleges that, on July 9, 2016, he learned through Brian that the district attorney told a police officer during Appellant's trial that he did not believe that any African Americans would serve on the jury. Brian's statement, however, is not a new "fact" as contemplated by the PCRA.

Our Supreme Court previously explained the "newly-discovered" fact exception under § 9545(b)(1)(ii) as follows:

> [Section 9545(b)(1)(ii)] "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1270-1272 (Pa. 2007). The focus of [§ 9545(b)(1)(ii) is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004) [(abrogated on other grounds)]. In **Johnson**, [our Supreme Court] rejected the petitioner's argument that a witness['] subsequent admission of

---

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of the exceptions to the time bar must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

alleged facts brought a claim within the scope of [§ 9545(b)(1)(ii)] even though the facts had been available to the petitioner beforehand. Relying on **Johnson**, [our Supreme Court subsequently] held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of [§ 9545(b)(1)(ii)] because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. [**Commonwealth v.**] **Abu–Jamal**, [941 A.2d 1263, 1267 (Pa. 2008)]. Specifically, [the Court] held that the fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [section] 9545(b)(1)(ii)." **Id.** at 1269.

**Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008).

Brian's statement, even if credited by a factfinder, is merely a new source of information regarding facts and claims of which Appellant was already aware and which he previously raised. Appellant's own petition in this case clearly demonstrates that, as far back as May 2000, he advanced contentions that mirror his present **Batson** claim:

> On May 24, 2000, [Appellant] filed his second PCRA petition. [Appellant] asserted his petition was timely filed due to interference by government officials. **[Appellant] advanced multiple claims, most significantly is the claim of ineffective assistance of counsel for failing to object and require the District Attorney provide race-neutral reasons for his use of peremptory challenges on black potential jurors under *Batson v. Kentucky*.** The [PCRA c]ourt never appointed an attorney to represent [Appellant]. This petition was dismissed without a hearing on September 18, 2001. The [PCRA] court held that "[i]ssues 2-4, relating to the alleged denial of the right to an impartial jury were raised and decided in [Appellant's] first PCRA and may not be re-litigated herein." **Issue 4 was [Appellant's] claim that his attorney was ineffective for failing to object under *Batson v. Kentucky*.**[]

Amended PCRA Petition, 9/7/16, at para. 29 (emphasis added).

- 4 -

It is evident, in my view, that according to his own petition, Appellant possessed the facts he needed to formulate his present **Batson** claim as early as September 1996. Because the facts upon which Appellant's present claims are based were previously known to him, and since Brian's July 9, 2016 statement served merely as a new source for previously known facts, Appellant has not satisfied the newly-discovered facts exception to the PCRA's time-bar. Accordingly, I would hold that the PCRA court properly dismissed the petition as untimely.[4]

_____

[4] Since Brian's statement is not a new "fact" as contemplated by § 9545(b)(1)(ii), the coordinate jurisdiction rule is not an obstacle to re-assessment of the initial erroneous jurisdictional ruling. **See**, **e.g.**, **Ryan v. Berman**, 813 A.2d 792, 795 (Pa. 2002) (acknowledging that departure from the coordinate jurisdiction rule is generally permitted where a prior holding is clearly erroneous and following it would create manifest injustice).