J-S14033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNARD BENNETT | : | |
| | : | |
| Appellant | : | No. 2411 EDA 2024 |

Appeal from the PCRA Order Entered July 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0307361-1996

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 30, 2025**

Appellant, Bernard Bennett, appeals *pro se* from the July 26, 2024, Order denying his sixth Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, (hereinafter "PCRA") petition as untimely. Following careful review, we affirm.

The relevant factual and procedural history of the case is as follows: On September 24, 1997, following trial by jury, Appellant was convicted of first-degree murder[1] (relative to the shooting of off-duty Philadelphia Police Officer Robert Porter), attempted murder[2] (relative to off-duty Philadelphia Police Officer Kyle Bey), criminal conspiracy[3], and possession of an instrument of

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2502(a).
[2] 18 Pa.C.S.A. § 901.
[3] 18 Pa.C.S.A. § 903.

crime[4]. At trial, the Commonwealth adduced, *inter alia*, testimony from one Jermaine Brute a/k/a Yassin Mohamad a/k/a "Boogie" (hereinafter "Mr. Mohamad"), whose testimony recounted certain statements made to him, while incarcerated, concerning the murder of Officer Porter. On November 10, 1997, Appellant was sentenced to life imprisonment on the charge of first-degree murder, with consecutive sentences relative to the attempted murder and conspiracy charges, and no further penalty imposed on the charge of possession of an instrument of crime. Appellant's judgment of sentence was affirmed by this Court on April 7, 1999, and our Supreme Court denied *allocatur* on September 30, 1999. Appellant did not file a petition for *writ of certiorari* to the United States Supreme Court, the time for so filing having expired on December 29, 1999. Appellant's judgment of sentence therefore became final on that date, and any PCRA petition was required to be filed within one year thereafter. **See** U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(1).

Appellant subsequently filed five PCRA petitions prior to the petition *sub judice*, only the first of which was timely. Of particular note is Appellant's fourth PCRA Petition, addressed by this Court in the appeal docketed at 682 EDA 2012, filed on November 14, 2011. In that petition, Appellant contended the Commonwealth's witness, Mr. Mohamad, had recanted his trial testimony.

---

[4] 18 Pa.C.S.A. § 907.

Appellant produced an affidavit signed by Mr. Mohamad which set forth allegations that certain members of law enforcement investigating the murder of Officer Porter had promised conjugal visits in exchange for testimony consistent with the law enforcement officers' instructions. Mr. Mohamad averred that he accepted that offer, and that his trial testimony regarding the statements made by the conspirators while incarcerated was entirely false.

In an Order dated February 10, 2012, the PCRA Court dismissed Appellant's petition as untimely where Appellant filed his petition nearly twelve years after his judgment of sentence had become final, and Appellant had failed to plead and prove any exception to the timeliness requirements of the PCRA. This Court affirmed that ruling on November 26, 2012, on the basis that, while Appellant never explicitly named the newly discovered fact exception, he had indeed argued it. However, we affirmed on the basis that he included in his pleading "absolutely no indication" of when exactly he had become aware of Mr. Mohamad's recantation and allegation of police misconduct; therefore, Appellant had failed "to demonstrate that predicate requirement that the instant claim was raised within sixty days of the date it first could [have been] presented." No. 682 EDA 2012, slip op. (Pa. Super. Nov. 26, 2012).[5]

---

[5] In the interest of clarity, this Court notes that the relevant time frame has in the interim been increased from sixty days to one year. *See* Act No. 2018-
*(Footnote Continued Next Page)*

Here, Appellant has raised the same underlying claim in his Sixth Petition as he did in his fourth. Despite his most recent petition stating "the instant claim is not previously litigated," it most certainly is. **PCRA Petition** at 6 (filed January 2, 2022). Consider the title of the petition: "Petition for Post-Conviction Relief Requesting a New Trial Based Upon *Inter Alia* Government Interference Where the Prosecution Knowingly **Presented Perjurious Testimony at Petitioner's Trial**." *Id*. at 1. The perjurious testimony at issue is the identical testimony by Mr. Mohamad as was addressed by the fourth petition, and the instant petition makes the same allegations of police misconduct in eliciting that testimony. In point of fact, Appellant includes a footnote regarding Mr. Mohamad's 2011 recantation, acknowledging that "[t]his proffer was presented to the Courts via a successive PCRA and the Court denied the claim as untimely," before describing Appellant's efforts to continue investigating that claim after this Court's prior dismissal. In doing so, Appellant inadvertently reveals that he was aware of and investigating this claim as far back as 2006, five years prior to the filing of his untimely 2011 petition, stating "since 2006, Petitioner was seeking to discover this secret agreement between the prosecution and its

_____

146, S.B. No. 915 (*amending* 42 Pa.C.S. § 9545(b)(2) from "60 days" to "one year.").

witnesses, specifically Mr. Mohamad," and cites to the proffered testimony of his cousin Russel Spady. *Id.* at 12.

> Mr. Spady states:
>
> "In July of 2006, I ran across [Ephriam Reavis] and I was telling him about what transpired at the trial of [Appellant]. He had informed me that he had to check some things out and he had given me a signed notarize [sic] affidavit to send to [Appellant] at SCI-Smithfield.
> [Appellant] had informed me to reach back out to him and ask him about a visit he had down at the Police Administration Building."

Brief of Appellant, Exhibit C.

Thus, it is plain from review of Appellant's own filings that this is the exact same claim Appellant raised in his untimely fourth PCRA petition filed in 2011. Appellant acknowledges the facially untimely filing of the instant petition, however, he pleads the newly-discovered fact exception as well as the governmental interference exceptions to the one-year time-bar. In support thereof, he presents a newly signed affidavit prepared by Mr. Mohamad attesting to the same allegations as before, and a slew of additional untitled statements by various other persons. Two of these statements purport to corroborate Mr. Mohamad's allegation, and the remainder detail Appellant's family members' efforts to investigate Appellant's claim.

In analyzing the timeliness of Appellant's instant petition, we apply the following well-established precedent.

> "The timeliness of a PCRA petition is [...] a jurisdictional requisite. A PCRA petition, including a second or subsequent petition, shall

be filed within one year of the date the underlying judgment of sentence becomes final. A judgment of sentence is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused."

*Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016)(*internal citations omitted*).

Late filing of a petition under the PCRA may only be excused if the petition alleges, and the petitioner proves either:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Further, "[a] petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented." *Commonwealth v. Reeves*, 296 A.3d 1228, 1231 (Pa. Super. 2023)(*citing* 42 Pa.C.S.A. § 9545(b)(2)).

Regarding the government interference exception, the plain language of the Act clearly applies only to claims that Appellant failed to raise. 42 Pa.C.S.A.

- 6 -

§ 9545(b)(1)(i) ("*the failure to raise the claim previously* was the result of interference by government officials.")(*emphasis added*). Without reaching the substance or validity of Appellant's allegations, the various and sundry instances of government misconduct or interference Appellant alleges clearly did not cause him to 'fail to raise' his claim; as discussed at length above, the instant claim was raised in his fourth PCRA petition. As such, the exception simply does not apply.

Regarding the newly-discovered fact exception, the Pennsylvania Supreme Court has unequivocally and repeatedly held that the focus of the exception is "on newly discovered *facts*, not on a newly discovered or a newly willing source of previously known facts." **Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004); **see also Commonwealth v. Abu-Jamal**, 941 A.2d 1263 (Pa. 2008). More specifically, our Supreme Court directly held that discovery of "yet another conduit for [a previously time-barred] claim of perjury does not transform [the] latest source of evidence into falling within the ambit of Section 9545(b)(1)(ii)." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008).

As the entire thrust of Appellant's petition is the allegedly perjurious testimony of Mr. Mohamad, and the corroboratory affidavits are not more than new conduits to the same claim, the date these new affidavits became available to Appellant is of no moment. Appellant has done nothing more than re-present a claim that we have already addressed and found to be untimely

more than a decade ago. As such, in line with the clearly-established precedent referenced above, we find that the newly-discovered fact exception does not apply.

Appellant therefore fails to qualify for an exception to the timeliness requirements of the PCRA, and we hold that the PCRA court properly dismissed Appellant's PCRA petition as untimely.

Order **AFFIRMED**.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2025