J-S42009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BERNARD JACKSON :
:
Appellant : No. 2414 EDA 2018

Appeal from the PCRA Order Entered July 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0600971-1985

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 05, 2019**

Bernard Jackson appeals, *pro se*, from the order entered July 10, 2018, in the Philadelphia County Court of Common Pleas, dismissing as untimely his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   Jackson seeks relief from the judgment of sentence of life imprisonment, followed by an aggregate consecutive term of 2½ to 5 years' imprisonment, imposed on December 2, 1986, following his jury conviction of murder in the first degree, burglary, and conspiracy.[2]   On appeal, he asserts

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 3502, and 903, respectively.

the PCRA court erred in dismissing the petition as untimely because he has newly discovered evidence. For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from this Court's February 5, 2016 memorandum denying Jackson's second PCRA petition.

> This Court previously summarized the facts of [Jackson's] case, as follows:
>
>> On November 20, 1984, [Jackson], . . . along with codefendants, Gregory Campbell and Veleda Broaddus, forcibly entered the apartment of Alvin Gass, shot and murdered him. [Jackson] was not the actual triggerman. Present in the apartment at the time of the shooting were the victim's wife, Freda Dowling, their thirteen year old daughter, Lydia[,] and other children of the couple. Broaddus, known to the victim's family as "Miss Marie," was positioned outside the apartment door. Broaddus asked the victim's daughter, Lydia[,] whether her parents were home. Lydia replied that they were not. Soon thereafter, Broaddus was joined by Campbell, known by the victim's family, and [Jackson], later identified, who were seen by the victim's daughter conversing outside the apartment building moments earlier.
>>
>> Again, following a knock on the door, Lydia was asked from outside the apartment door whether her parents were home and again she stated that they were not. When Lydia refused to open the door to the apartment for the perpetrators, the door was kicked open. [Jackson] was identified as the male who entered the apartment and pushed Freda Dowling to the floor while his co-defendant, Campbell, fired on the victim, Alvin Gass[,] from the doorway.
>>
>> [Jackson] was identified by the victim's wife, Freda Dowling, by photo array conducted four days after the shooting. . . . [Jackson] was again identified by Dowling at the time of the trial.

> *Commonwealth v. Jackson*, No. 3216 Philadelphia 1986, unpublished memorandum at 1–2 (Pa. Super. filed May 17, 1988).
>
> Following a jury trial alongside co-defendants Campbell and Broaddus, [Jackson] was convicted of first-degree murder, burglary, and criminal conspiracy.
>
>> [Jackson] appealed from the judgment of sentence and on May 17, 1988, the Superior Court affirmed the judgement of sentence. [ ] *Jackson*, [*supra*]. [Jackson] thereafter filed a *pro se* PCRA petition in August [of] 1988. On March 5, 1991, the lower court dismissed [Jackson's] PCRA petition. The Superior Court subsequently affirmed the dismissal of [Jackson's] petition. [*Commonwealth v. Jackson*, No. 00894 Philadelphia 1991, unpublished memorandum (Pa. Super. filed October 8, 1992) ]. . . . On May 23, 2014, [Jackson] filed [his second] *pro se* PCRA petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Jackson] was served with notice of the court's intention to dismiss his PCRA petition on September 26, 2014. [Jackson] filed a [*pro se*] response to the court's Rule 907 notice on October 14, 2014. The lower court dismissed [Jackson's second PCRA] petition as untimely on March 23, 2015. . . .
>
> PCRA Court Opinion (PCO), 4/24/15, at 1–2.

*Commonwealth v. Jackson*, 2016 WL 490180, at **1-2 (Pa. Super. Feb. 5, 2016) (unpublished memorandum).

On February 5, 2016, this Court affirmed the dismissal of Jackson's second PCRA petition. *Id.* at *1. On October 13, 2016, the Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Jackson*, 158 A.3d 1242 (Pa. 2016).

On March 24, 2017, Jackson filed a third *pro se* PCRA petition. In September 2017, he filed a supplemental PCRA petition. On April 26, 2018,

the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Jackson filed a response on May 16, 2018. On July 10, 2018, the PCRA court dismissed the petition as untimely filed. This timely appeal follows.[3]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined, *inter alia*, that Jackson's petition was untimely. We agree. A petitioner must file a PCRA within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

Jackson's judgment of sentence was final on June 16, 1988, 30 days after this Court affirmed the judgment of sentence and Jackson failed to seek

---

[3] The PCRA court did not order Jackson to file a concise statement of errors complained of on appeal. Despite this, Jackson filed a Rule 1925(b) statement on August 23, 2018. On November 6, 2018, the PCRA court filed an opinion.

leave to appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 113(a). Therefore, he had until June 16, 1989, to file a timely PCRA petition. His third petition, filed March 24, 2017, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, Jackson attempts to invoke the previously unknown facts exception set forth in Subsection 9545(b)(1)(ii).[4] Until recently, a petitioner

_____

[4] In his PCRA petition, Jackson also sought to invoke the governmental interference exception; however, he has abandoned this claim on appeal.

invoking an exception had to file his petition within 60 days of the date he or she could have presented the claim.[5]

This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have

---

[5] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (some citations and quotation marks omitted, emphases in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Jackson's substantive claim of after-discovered evidence merits relief, we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." *Id.* at 176. Here, Jackson has failed to do so.

Jackson first contends that the unsworn "Letter-Statement" of Wanda Campbell, his co-defendant's sister, constitutes a new fact. In the letter, Campbell contends that her mother told her that Jackson had an alibi for the night in question, namely that he and co-defendant Broaddus were together in their home at the time of the murder. Letter-Statement of Wanda Campbell, 1/23/2017, at unnumbered page 1. Jackson argues that the PCRA court improperly assessed the merits of his substantive claim of after-

discovered evidence in finding that the Letter-Statement did not constitute a new fact. Jackson's Brief, at 15, 19. We disagree.

Initially, we note that the record does not support Jackson's contention that the trial court improperly assessed the merits of the underlying claim. Rather, the record demonstrates that it properly assessed whether the Letter-Statement was sufficient to constitute a new fact meriting either an evidentiary hearing or relief and concluded it did not. We agree.

Even assuming, *arguendo*, that the averments in this letter were not hearsay, this Court has already held that any claims that Jackson had a viable alibi defense do not constitute a new fact. *See Jackson*, *supra* at \*\*3-4. In his second PCRA petition, Jackson contended that an affidavit by Broaddus, which also stated that she and Jackson were watching television at her home at the time of the murder, constituted a newly discovered fact. *Id.* at \*3. In rejecting this claim, we stated:

> In *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714 (Pa.2008), our Supreme Court explained that,
>
> > [e]xception (b)(1)(ii) "requires petitioner to allege and prove that there were '**facts**' that were 'unknown' to him" and that he could not have ascertained those **facts** by the exercise of "due diligence." [*Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1271-1272 (Pa. 2007)] (emphasis added). The focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 580 Pa. 594, 863 A.2d 423, 427 (2004) (emphasis in original). In *Johnson*, this Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim

> within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on **Johnson**, this Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. [**Commonwealth v.**] **Abu–Jamal**, [941 A.2d 1263,] 1267 [Pa. 2008)]. Specifically, we held that the fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." **Id.** at 1269.

**Marshall**, 947 A.2d at 720 (footnote omitted).

> In this case, even if we presume that Ms. Broaddus' alibi is credible, [Jackson] obviously became aware of the 'fact' of this alibi defense on the day he was arrested and informed that he was charged with the November 20, 1984 murder of Alvin Gass. Therefore, Ms. Broaddus' admission of this alibi in her affidavit is merely a new source of a fact that Appellant previously knew. **See Johnson**, 863 A.2s at 602.

**Id.**

The current affidavit is no different. Our review of the record, the parties' briefs, and the relevant statutory and case law, reveals no basis to disturb the PCRA court's ruling.

Jackson also maintains that a sworn affidavit by David Mack both constitutes a new fact and that the PCRA court improperly rejected it on the merits. We disagree.

In the affidavit, Mack, who was twelve-years-old at the time of the murder, claims that he overheard the victim's wife saying that she misidentified Jackson as one of the participants in the murder.

Declaration/Affidavit, 8/30/2017, at unnumbered pages 1 and 2. Mack also maintains that, when he met Jackson for the first time in August 2017, he realized that he was not one of the two men he saw leaving the area at the time of the murder. *Id.* at unnumbered page 3.

As the PCRA court correctly notes, Mack's statement regarding Dowling constitutes inadmissible hearsay because it is an out-of-court statement offered for the truth of the matter asserted. *See* Pa.R.Evid. 801(c); PCRA Court Opinion, 10/31/2018, at n.11.

Mack's statement that Jackson was not one of the men he saw in 1984 also does not constitute a new fact meriting either relief or an evidentiary hearing. As the PCRA court stated:

> With respect to Mack's visual claim, the purported fact that [Jackson] did not resemble either man glimpsed by Mack was not substantiated by Mack's statement. Specifically, Mack's claim, stated precisely, is that [Jackson's] appearance in 1984 differed from that of both men Mack saw in the stairwell. Mack, who was twelve years old in 1984, did not even allege, however, that he was familiar with [Jackson's] physical appearance in 1984. To the contrary, Mack indicated that he had neither met nor seen [Jackson] prior to their chance meeting while in custody in 2017.[a] *See* Supplemental [P]etition, 9/8/17 at Exhibit B. Thus, based upon Mack's own admission, his comparative assessment of [Jackson's] appearance, thirty-three years earlier, and that of the two men was speculative.
>
> > [a] [Jackson's] date of birth is August 4, 1951 and therefore he was sixty-six years old when Mack met him in 2017.

PCRA Ct. Op. at 4-5.

We agree. Mack's statement that the sixty-six-year-old man he met for the first time in 2017 did not currently resemble either of the young men he saw in the stairwell over thirty years earlier is wildly speculative and thus did not merit an evidentiary hearing. **See Commonwealth v. Grove**, 170 A.3d 1127, 1149 (Pa. Super. 2017) (grant of PCRA evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim"), *appeal denied*, 185 A.3d 967 (Pa. 2018).

Accordingly, because we agree with the ruling of the PCRA court that Jackson did not timely file his PCRA petition and he failed to establish the applicability of any of the time-for-filing exceptions, we affirm the order dismissing his petition without first conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19

- 11 -