J-S51007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
SAWUD DAVIS   :
  :
Appellant   :   No. 705 MDA 2019

Appeal from the PCRA Order Entered March 21, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003752-2012

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:     **FILED NOVEMBER 08, 2019**

Sawud Davis appeals from the order entered in the Luzerne County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely following a hearing. Davis argues that his facially untimely PCRA petition was entitled to review under the newly discovered fact exception to the PCRA's time-bar, 42 Pa.C.S.A. § 9545(b)(1)(ii). After our review of the parties' arguments and the transcript of the PCRA hearing held on these issues, we conclude that Davis is not entitled to relief.

On October 24, 2012, Davis was charged, as a principal or an accomplice, with three counts of criminal homicide, one count of criminal attempt to commit criminal homicide and four counts of robbery for his

participation in a deadly shooting, which occurred on July 7, 2012. Davis was sixteen at the time of the crimes, but was charged as an adult.

On December 20, 2013, the parties appeared for a status conference regarding a petition to decertify the case. At the hearing, the parties advised the court that a plea agreement had been reached in which Davis agreed to withdraw his petition for decertification and instead would plead guilty to three counts of third-degree murder and one count of robbery. The Commonwealth agreed to withdraw the remaining charges. The parties further agreed to a sentence of twenty to forty years' incarceration on the murder charges and five to ten years' incarceration for robbery, all of which to run concurrently. As part of the plea, Davis admitted to the factual basis put forth by the Commonwealth. After conducting a colloquy, the court imposed the agreed upon sentence. No post sentence motions or direct appeal was filed.

On June 6, 2014, Davis filed his first PCRA petition, which he subsequently withdrew. On September 19, 2018, Davis filed another PCRA petition, alleging he discovered exculpatory evidence that was not available to him at the time of his guilty plea. Counsel was appointed, who filed a supplemental PCRA petition on January 17, 2019.

Through his filing, Davis specifically recognized that the petition was facially untimely, but asserted his claim met the newly discovered fact exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), to the PCRA's time-bar.

On February 25, 2019, a PCRA hearing was held. Defense counsel presented testimony from Davis and Dashawn Armstrong, a new witness with allegedly exculpatory evidence. Davis testified that he did not meet Armstrong until August of 2018, and at that time learned of the "newly discovered facts." *See* N.T., PCRA Hearing, 2/25/2019, at 4. He further testified that he became aware of ***Miller v. Alabama***, 567 U.S. 460 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional), in August of 2018, when he received help in the law library from a fellow inmate to prepare his PCRA petition based on the new information from Armstrong. ***See id.***, at 5. Davis testified that he would not have plead guilty if he had known the information from Armstrong at the time, or if he knew he would not have been facing a sentence of life without parole. ***See id.***, at 5-8. He testified repeatedly that his plea counsel, Attorney John Pike, informed him numerous times that if he went to trial he could receive a life without parole sentence. ***See id.***, at 6-8, 11.

Armstrong testified that on July 7, 2012, he went to Plymouth to rob "two black guys" who were going to be in the area. ***See id.***, at 16. He was waiting in his car when he saw one of the "two black guys" he was going to rob come out of a house, who he identified as Davis. ***See id.***, at 17-18. He was wondering where the other "guy was when he heard gunshots go off inside the house, while Davis was still on the front porch". ***See id.***, at 18.

Attorney Pike testified for the Commonwealth. He indicated that by the time he was appointed to represent Davis, there were already discussions regarding a potential plea. *See id.*, at 25. He therefore never discussed the potential outcome of a trial because everyone was in agreement regarding the plea, and in his experience the court typically accepted a plea agreement. *See id.*, at 27. Attorney Pike recollected that Davis plead guilty to save his brother from a capital charge which would have entailed the death penalty. *See id.*, at 25, and 29-30.

Ultimately, the court determined Davis failed to overcome the PCRA's time-bar. The court found that the testimony from Davis and Armstrong was not credible and therefore did not prove an exception to the time-bar. Further, the court found that *Miller* was part of the public record since June of 2012, and therefore Davis could have known about it prior to August of 2018. Because Davis did not prove the timeliness exception, the PCRA court denied his petition as untimely. This timely appeal followed.

On appeal, Davis presented five issues for consideration:

1. The PCRA court committed error by dismissing PCRA petition as untimely without the PCRA court first satisfying itself that the court had jurisdiction to entertain the merits of the PCRA petition.

2. The PCRA court committed error by denying PCRA petition on newly-discovered evidence where the PCRA court's credibility determination is not supported by the record.

3. The PCRA court committed error by denying PCRA petition on ineffective assistance of counsel for misadvising appellant would receive life without parole sentence if he went to trial.

- 4 -

4. PCRA counsel was ineffective for failing to subpoena to prove appellant did not become aware of Miller v. Alabama until August[] [2018], when appellant sought assistance in preparing his PCRA petition.[1]

5. This case should be remanded to PCRA court for a second evidentiary hearing to give appellant the opportunity to plead and prove he did meet the exception of 42 Pa.C.S.A. §9545(b)(1)(ii), (b)(2), since the PCRA court's determinations are not supported by the record.

Appellant's Brief, at 2.

Our standard of review is well settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." ***Commonwealth v. Smith***, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted). While we are generally bound by a PCRA court's credibility determinations, we apply a *de novo* standard to our review of the court's legal conclusions. ***See id.***

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to

---

[1] Although we need not reach the merits of this issue due to our disposition of this appeal, we note Davis did not preserve the claim for our review, having not raised this claim regarding PCRA counsel in his PCRA petition. ***See Commonwealth v. Ford***, 44 A.3d 190, 1201 (Pa. Super. 2012) ("Claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.")

all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Davis does not dispute that his petition, filed over four years after his judgment of sentence became final, is facially untimely.[2] However, Davis asserts his claim merits review because he pled, and proved, an exception to the PCRA's one-year time-bar in his PCRA petition.

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[2] Since Davis did not file a direct appeal, his judgment of sentence became final on January 20, 2014, when his time for seeking direct review with this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3)(judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review").

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. 42 Pa.C.S.A. § 9545(b)(2). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

Davis asserts he meets the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii), *i.e.*, the newly discovered fact exception to the PCRA's time-bar. The newly discovered fact exception "has two components, which must be alleged and proved. The petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007).

Due diligence requires the petitioner "take reasonable steps to protect his own interests." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). However, it does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id*. (citation omitted). "A petitioner must explain why he could not have

obtained the new fact(s) earlier with the exercise of due diligence." **Monaco**, at 1080.

First, Davis contends the new information he learned from Armstrong in August of 2018 constitutes newly discovered facts for the purposes of section 9545(b)(1)(ii). Davis asserts it was error for the PCRA court to conclude he did not meet the newly discovered fact exception since the court's credibility determinations are not supported by the record. Although he frames his issue as a challenge to the court's credibility determination, he specifically asks us to conduct a *de novo* review of the PCRA court's "legal conclusions" because the court found he had five years to have a witness fabricate testimony where no evidence of fabrication was presented. **See** Appellant's Brief, at 7.

The court's conclusion is accurately categorized as a credibility determination rather than a legal determination. As such, we have previously held that the PCRA court passes on witness credibility and its credibility determinations should be provided great deference. **See Commonwealth v. Johnson**, 966 A.2d 523, 539 (Pa. 2009)(citations omitted)("one of the primary reasons PCRA hearings are held in the first place is so credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone."). The PCRA court was therefore in the best position to determine the credibility of Armstrong as a witness and we must defer to their determination that his testimony was not credible.

Further, section 9545(b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those *facts* by the exercise of "due diligence." ***See Bennett***, at 1270–72. "The focus of the exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008).

In ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263 (Pa. 2008), the Pennsylvania Supreme Court held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of section 9545(b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. ***See id.***, at 1267. Specifically, the Court held "[t]he fact appellant discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of § 9545(b)(1)(ii)." ***Id.***, at 1269; ***see also Commonwealth v. Johnson***, 863 A.2d 423 (Pa. 2004) (Court rejecting petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of section 9545(b)(1)(ii) even though the facts had been available to the petitioner beforehand).

Here, the actual "fact" for purposes of Section 9545(b)(1)(ii) is that Davis was allegedly standing on the front porch when shots were fired. This is not a "newly discovered fact." It is clear that Davis would know where he was when the shootings occurred, and could have brought this fact up before

pleading guilty. Our review of the record shows no indication that Davis attempted to bring this fact up sooner. The "fact" that Armstrong was willing to testify to a previously known fact does not satisfy the newly discovered fact exception to the PCRA's time-bar.

Davis additionally contends he filed his petition within 60 days of the date he discovered **Miller**, and therefore it was error for the trial court to conclude he did not meet the newly discovered fact exception based on his assertion that the holding in **Miller** constitutes newly discovered facts. Davis specifically claims that he would not have pleaded guilty had he known that he could not receive a life without parole sentence pursuant to **Miller**.

Initially, we note that decisional law does not amount to a new fact under the newly discovered fact exception to the PCRA's time bar. **See Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) ("[S]ection 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"). As a result, Davis's attempt to shoehorn his claim based on **Miller** into the newly discovered fact exception fails.

Under the circumstances, even if **Miller** constituted a newly discovered fact, the PCRA court did not err or abuse its discretion in concluding that Davis had not established its applicability.

At the PCRA hearing, guilty plea counsel testified that Davis agreed to plead guilty in order to spare his co-defendant and brother, Sean James

Hamilton, from the possibility of the death penalty. *See* N.T, PCRA Hearing 2/25/19, at 25, 29. Plea counsel further testified that Davis wanted the plea agreement not for himself, but for the benefit of Hamilton. *See id*., at 29. The trial court found plea counsel's testimony credible. Therefore, the facts, as found by the PCRA court, would not support a conclusion that *Miller* would have changed Davis's decision to plead guilty.

As the PCRA court properly concluded Davis's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/08/2019

- 11 -